UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRACY JEANETTE COZATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01149-TWP-TAB |
| | ) | |
| JOSHUA PAUL STEIN, | ) | |
| NATHAN VINING, | ) | |
| LAURA KOONS, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion For Leave To Proceed *In Forma Pauperis*, Dismissing Complaint And Directing Further Proceedings**

**I. *In Forma Pauperis* Status**

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted.**

**II. Screening Complaint**

Ms. Cozatt is proceeding *in forma pauperis*. Accordingly, the Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). Ms. Cozatt's complaint names three defendants: 1) Joshua Paul Stein, 2) Nathan Vining, and 3) Laura Koons. Although it is not entirely clear, it appears that the first two defendants were hired by Ms. Cozatt to represent her in a custody dispute in Marion County, Indiana. She alleges that they failed to adequately represent her interests and instead colluded with opposing counsel.

It is unclear whether the third defendant, Laura Koons, was hired by Ms. Cozatt or by her ex-husband. Ms. Cozatt alleges that Laura Koons was hired to investigate the safety of Ms. Cozatt's minor children. She further alleges that Ms. Koons was very unprofessional, intimidating and unsupportive of Ms. Cozatt's family's needs.

These allegations fail to state a claim upon which relief may be granted in this federal district court. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). It does not appear that any of the defendants were acting under color of state law when they were hired by Ms. Cozatt to represent her interests in her child custody dispute.

Furthermore, federal courts lack jurisdiction over domestic matters. *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994) (holding that the domestic relations exception, among other doctrines, barred suit for damages against the plaintiff's ex-wife, attorney, and judge who presided over divorce proceedings); *Ervin v. Ervin*, 571 Fed. Appx. 464, 466 (7th Cir. 2014) (observing that a lawsuit attacking an order to pay child and spousal support on due process grounds was "a domestic-relations case, and thus is probably excluded from federal-court jurisdiction by the domestic relations doctrine."). Accordingly, it does not appear that this lawsuit, which arises from a child custody dispute, may proceed properly in federal court.

The complaint, therefore, is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Opportunity to Show Cause

Ms. Cozatt shall have though **June 5, 2018,** to show cause why this action should not be dismissed and judgment entered. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED**.

Date: 5/1/2018

*(signature)*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TRACY JEANETTE COZATT
5115 East Burgess Ave.
Indianapolis, IN 46219